IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROSLYN HOLMAN, | |
|---|---|
| Plaintiff, | |
| v. | CIVIL ACTION NO. 11-78 |
| TERRY L. WOOTEN, et al., | |
| Defendants. | |

## OPINION

**Slomsky, J.**                                                             **June 17, 2015**

### I. INTRODUCTION

Before the Court is pro se Plaintiff Roslyn Holman's Motion titled "Rule 60(b) Motion to Vacate District Judge Joel H. Slomsky's Void Orders and Remand Case to South Carolina District Court for Adjudication." (Doc. No. 15.) This is Plaintiff's fifth Motion filed in this Court pursuant to Federal Rule of Civil Procedure 60(b) seeking to void this Court's Order of March 24, 2013. (See Doc. Nos. 7, 9, 11, 13, 15.) In that Order, the Court declined to overturn the judgment entered against Plaintiff and in favor of defendants in the District of South Carolina.

For reasons that follow, Plaintiff's Motion (Doc. No. 15) will be denied and she will be enjoined from making any further filings in the above-captioned case and also enjoined from making any further filings in this Court that seek to overturn the judgment entered in the District of South Carolina in the case Holman v. Wooten, No. 09-cv-1634-CWH (D.S.C. June 23, 2009).

### II. FACTUAL AND PROCEDURAL BACKGROUND

The extensive procedural history in this case covers matters that occurred in the District of South Carolina, the Eastern District of New York, and here in the Eastern District of

1

Pennsylvania. The procedural background is described in detail below to illustrate Plaintiff's abuse of the judicial process here and elsewhere.

### A. Plaintiff's Employment Discrimination Complaint

This case began in the District of South Carolina, where on September 20, 2005, Plaintiff filed a pro se complaint against Clemson University alleging employment discrimination and retaliation. (Complaint, Holman v. Clemson University, No. 05-cv-2727-TLW (D.S.C. Sept. 20, 2005).) The parties filed cross-motions for summary judgment in the case, and on August 1, 2007, Magistrate Judge Thomas A. Rogers, III issued a report and recommendation in favor of granting Clemson's motion. (Report and Recommendation, Holman, No. 05-cv-2727-TLW (D.S.C. Aug. 1, 2007).) On August 23, 2007, District Court Judge Terry L. Wooten adopted the report and recommendation and granted Clemson's motion for summary judgment. (Order, Holman, No. 05-cv-2727-TLW (D.S.C. Aug. 23, 2007).) On September 10, 2007, Plaintiff appealed the summary judgment decision. (Notice of Appeal, Holman, No. 05-cv-2727-TLW (D.S.C. Sept. 10, 2007).) On February 12, 2008, the Fourth Circuit affirmed the district court's decision. (U.S.C.A. Opinion, Holman, No. 05-cv-2727-TLW (D.S.C. Feb. 12, 2008).) After receiving the adverse ruling in the Fourth Circuit, Plaintiff filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 6, 2008. (Petition for Writ of Certiorari, Holman v. Clemson University, 555 U.S. 884 (2008) (No. 08-83).)

### B. Plaintiff's Civil Rights Complaint

Meanwhile, after the issuance of the Fourth Circuit's decision affirming the district court's grant of summary judgment against Plaintiff in her employment case, Plaintiff filed on June 23, 2009 a second pro se action in the United States District Court for the District of South Carolina. (Complaint, Holman v. Wooten, No. 09-cv-1634-CWH (D.S.C. June 23, 2009).) The

second complaint alleged that Magistrate Judge Rogers, District Court Judge Wooten, court reporter Cindy Brunink, deputy clerk Shari Stefano, counsel for Clemson University William Logan Jr., and Clemson University itself "willfully and criminally" conspired to conduct an "unwarranted" motion hearing in her employment discrimination case. (Id.) According to Plaintiff, defendants conspired to "illegally produce an official transcript and audio recording of the October 2nd hearing and committed various other forms of judicial misconduct." (Id.) This misconduct was part of an effort to cover up Clemson University's "wrongful retaliatory termination of Plaintiff in violation of Title VII." (Id.) Fourth Circuit Judges Motz, Gregory, and Duncan, the Judges who sat on the panel in her appeal, were also named as defendants in the complaint. Plaintiff alleged that they "willfully affirmed the district court's VOID [sic] Order and Judgment" and "unethically collaborated" with the district court. (Id.)

On February 24, 2010, Judge Weston Houck dismissed as defendants District Court Judge Wooten, Magistrate Judge Rogers, and Fourth Circuit Judges Motz, Gregory, and Duncan because they had absolute immunity. (Order Adopting Report and Recommendation, Holman, No. 09-cv-1634-CWH (D.S.C. Feb. 24, 2010).) On March 12, 2010, Plaintiff filed a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b) Judge Houck's order dismissing these defendants. (Motion to Vacate, Holman, No. 09-cv-1634-CWH (D.S.C. March 12, 2010).) Thereafter, on September 30, 2010, Judge Houck dismissed the remaining defendants with prejudice and entered judgment in favor of defendants on October 15, 2010. (Order Ruling on Report and Recommendation, Holman, No. 09-cv-1634-CWH (D.S.C. Sept. 30, 2012); Judgment, Holman, No. 09-cv-1634-CWH (D.S.C. Oct. 15, 2010).)

On October 7, 2010, Plaintiff filed another motion to vacate under Rule 60(b) in both her original employment discrimination case as well as in her civil rights case in which she sought to

3

"vacate all VOID ORDERS AND JUDGMENTS . . . entered by United States District Court for the District of South Carolina . . . ." (Motion to Vacate, Holman, No. 09-cv-1634-CWH (D.S.C. Oct. 7, 2010); Motion to Vacate, Holman, No. 05-cv-2727-TLW (D.S.C. Oct. 7, 2010).) Despite the fact that pending were two outstanding Rule 60(b) motions filed in her civil case, and a duplicate Rule 60(b) motion filed in her employment discrimination case, Plaintiff filed another Rule 60(b) motion on October 26, 2010 in her civil rights case directed to the attention of the Chief Judge David Norton in the District of South Carolina. (Motion for Relief Pursuant to F.R.C.P. 60(b)(5) and (6), Holman, No. 09-cv-1634-CWH (D.S.C. Oct. 26, 2010).)

Plaintiff's Rule 60(b) motions were all denied. First, on November 4, 2010, Judge Houck denied Plaintiff's Rule 60(b) motion that was filed on October 7, 2010 in the employment discrimination case. (Order Denying Motion to Vacate, Holman, No. 05-cv-2727-TLW (D.S.C. Nov. 4, 2010).) Then, on February 18, 2011, Chief Judge Norton denied the October 26, 2010 Rule 60(b) motion pending before him. (Order Denying Motion, Holman, No. 09-cv-1634-CWH (D.S.C. Feb. 18, 2011).) Finally, on March 23, 2011, Judge Houck denied the two outstanding Rule 60(b) motions in the civil rights case that had been filed on March 12, 2010, and on October 7, 2010. (Order Denying Motions to Vacate, Holman, No. 09-cv-1634-CWH (D.S.C. Mar. 23, 2011).)

On September 20, 2011, in a matter ancillary to the federal litigation, the Supreme Court of South Carolina filed a letter it had sent to Plaintiff in response to her attempt to void the district court's judgment, in which the court stated "[p]lease be advised that this Court has no authority to review or vacate orders or judgments of the United States District Court." (Letter from the Supreme Court, Holman, No. 09-cv-1634-CWH (D.S.C. Sept. 26, 2011).) Plaintiff has not filed any additional motions in the District of South Carolina.

4

C.      **Plaintiff's Rule 60(b) Motion Filed in the Eastern District of New York**

Undeterred, on March 18, 2011, Plaintiff filed a motion in the Eastern District of New York attempting to vacate Judge Houck's order entering judgment on behalf of defendants in Plaintiff's civil rights action. (Motion for Relief from Judgment, Holman v. Wooten, No. 11-mc-0185 (E.D.N.Y. March 18, 2011).) On April 7, 2011, Magistrate Judge Louis Bloom of the Eastern District of New York denied her request for relief from Judge Houck's judgment and found that Plaintiff's motion filed in the Eastern District of New York was improper. (Order, Holman, No. 11-mc-0185 (E.D.N.Y. April 7, 2011).) On May 3, 2011, Judge Bloom filed a letter he had sent to Plaintiff in response to her correspondence noting that:

> [T]he judgment of the United States District Court for the District of South Carolina cannot be 'voided' by this Court. The only Court that could vacate the judgment under Rule 60(b) is the District of South Carolina where the judgment was entered.

(Letter from Hon. Lois Bloom to Roslyn Holman, Holman, No. 11-mc-0185 (E.D.N.Y. May 3, 2011).)

D.      **Plaintiff's Rule 60(b) Motions Filed in the Eastern District of Pennsylvania**

After failing to vacate the District of South Carolina's judgment in the Eastern District of New York, Plaintiff next turned to the Eastern District of Pennsylvania. On May 13, 2011, Plaintiff filed a Motion to Vacate Judge Houck's "Void Judgment" in her civil rights action in this Court. (Doc. No. 1.) In her Motion, Plaintiff argued that Judge Houck's judgment should be voided because of: (1) alleged misconduct by the court in her employment discrimination complaint which were the grounds for her civil rights complaint in South Carolina; and (2) a claim that the District Court of South Carolina lost jurisdiction over her complaint based on the court's alleged violations of her constitutional rights—a claim previously considered and dismissed by Chief Judge Norton in his order of February 18, 2011.

5

On September 18, 2012, this Court entered an Order directing Plaintiff to show cause why the matter should not be dismissed for want of prosecution as Plaintiff had never filed a complaint in the Eastern District of Pennsylvania. (Doc. No. 2.) On October 9, 2012, Plaintiff filed a "Brief in Support of Cause Why Rule 60(b) Motion to Vacate Judgment Should Not Be Dismissed for Want of Prosecution." (Doc. No. 3.)

On March 14, 2013, the Court denied Plaintiff's Motion to Vacate Judge Houck's Order. (Doc. No. 5.) In this Court's Order, the Court stated that it did not have subject-matter jurisdiction to consider Plaintiff's Rule 60(b) Motion and thus could not set aside the judgment of Judge Houck in the District of South Carolina. (Doc. No. 5 at 2.) Additionally, the Court explained that the District of South Carolina had considered the arguments Plaintiff raised in her 60(b) Motion and determined that they were without merit. Thus, the Court was obligated to give deference to the decision of another court deciding issues involving the same parties on the merits. (Id.)

On March 27, 2013, the Court received a letter from Plaintiff arguing that the Court's Order was void because it did not have subject-matter jurisdiction to enter the Order. (Doc. No. 7.)

> By your own admission, the Eastern District Court of Pennsylvania do [sic] not have subject-matter jurisdiction over my Rule 60(b) Motion; accordingly, you cannot arbitrarily file an ORDER DENYING a MOTION nor DISMISS WITH PREJUDICE a fictitious action over which you admit you have NO SUBJECT-MATTER JURISDICTION to prevent me from filing the Rule 60(b) Motion in another court.

(Doc. No. 7 at 2.)

On July 8, 2013, Plaintiff filed a Judicial Misconduct Complaint against Judge Slomsky with the Third Circuit. (Doc. No. 8 at 6.) On September 27, 2013, Chief Judge McKee dismissed Plaintiff's Judicial Misconduct Complaint. (Id.) On October 25, 2013, Plaintiff then

6

filed a petition for review of Judge McKee's order in a corresponding Judicial Misconduct Complaint against Judge McKee. (Id.) On January 29, 2014, the Third Circuit affirmed Judge McKee's decision, and on February 19, 2014, Judge Rendell dismissed the Complaint. (Id.) Unwilling to accept this decision, Plaintiff filed a second Misconduct Complaint against Judge McKee on February 19, 2014 and a Judicial Misconduct Complaint against Judge Rendell on March 7, 2014. (Id.) On May 28, 2014, Judge Rendell's decision was affirmed. In response, Plaintiff sent a letter to the "Third Circuit Judicial Council" stating:

> I refuse to relinquish my fundamental rights by accepting the Third Circuit Judicial Council's Void Order unlawfully based on preceding Void Orders. In my quest for justice and my right to due process, I will continue to file Judicial Misconduct Complaints and Petition for Review of the Order [sic] of judges who willfully and relentlessly opt to infringe upon my Fifth and Fourteenth Amendment Rights guaranteed by Our United States Constitution . . . .

(Doc. No. 8-1.)

On May 9, 2014, Plaintiff sent a letter to Chief Judge Tucker in the Eastern District of Pennsylvania requesting that Judge Tucker vacate and void this Court's Order of March 14, 2013 as well as the orders of Chief Judge McKee and Judge Rendell. (Doc. No. 8 at 3, 7.) On June 2, 2014, Plaintiff sent another letter to Judge Tucker with the same request. (Id. at 2.) In support of her Rule 60(b) Motion included in her letters, Plaintiff stated the following:

> The enclosed March 14, 2013 alleged Order of District Judge Joel H. Slomsky self-confirms perpetrated: conspiracy; cover-up; perjury; fraud upon the court; violation of Fed.R.Civ.P. [sic] 60(b); Deprivation of my Due Process and Equal Protection rights; and, violation of other federal laws/rules of practice and procedure.
>
> Although Judge Slomsky's alleged Order, consisting of a lengthy inconsequential perjurious Footnote, self-confirms his transgression, since April 2013, I've been subjected to an endless succession of the Third Circuit judges willfully filing cover-up perjurious Void Orders dismissing my counter Misconduct Complaints and subsequent Petitions for Review – ralative [sic] to Judge Slomsky's alleged Order.

7

(Doc. No. 8-1 at 2.) On June 16, 2014, Judge Tucker entered an Order denying Plaintiff's "Motion to Vacate/Withdraw Void Order of Judge Slomsky." (Doc. No. 8.)

On June 26, 2014, Plaintiff filed another Motion pursuant to Rule 60(b) attempting to vacate this Court's Order of March 14, 2013. (Doc. No. 9.) The Court denied the Motion on September 4, 2014. (Doc. No. 10.) On October 27, 2014, Plaintiff filed another Rule 60(b) Motion to Vacate. (Doc. No. 11.) On November 24, 2014, the Court once again denied the Motion. (Doc. No. 12.) In the Order, the Court noted that "should Plaintiff continue her pattern of repetitive, frivolous filings, the Court will consider enjoining her from filing without court permission." (Id.) Despite this warning, on February 18, 2015, Plaintiff filed another Rule 60(b) Motion. (Doc. No. 13.) On February 26, 2015, the Court again denied the Motion, and reiterated that it would soon consider enjoining her from filing in the future. (Doc. No. 14.) On March 24, 2015, Plaintiff filed the present Motion to Vacate All Void Orders addressed to Chief Judge Tucker. (Doc. No. 15.) The Court held a show cause hearing on April 13, 2015 as to why Plaintiff should not be enjoined from filing in the case. (Doc. No. 16.) Plaintiff did not attend the hearing. (Doc. No. 17.) That same day, on April 13, 2015, Plaintiff sent a letter to Chief Judge Tucker arguing that this Court did not have jurisdiction to enter an Order requesting her appearance at the show cause hearing. (Doc. No. 19.)

For reasons that follow, Plaintiff's Motion will be denied and she will be enjoined from making any further filings in the above-captioned case and also enjoined from making any further filings in this Court that seek to overturn the judgment entered in the District of South Carolina in the case Holman v. Wooten, No. 09-cv-1634-CWH (D.S.C. June 23, 2009).

8

## III. ANALYSIS

### A. Plaintiff's Rule 60(b)(4) Motion Will Be Denied

On March 14, 2013, the Court entered an Order denying Plaintiff's Motion to Vacate and Void the Judgment of the District Court of South Carolina pursuant to Federal Rule of Civil Procedure 60(b)(3), (b)(4), and (b)(6). (Doc. No. 5.) In the Order, the Court first analyzed whether it had jurisdiction to vacate a judgment from the District of South Carolina. The Court stated that "[t]he only cognizable basis for subject-matter jurisdiction in this matter" is pursuant to the Registration Statute, 28 U.S.C. § 1963. (Id. at 1.) After determining that the Registration Statute did not apply, the Court determined that it did not have subject-matter jurisdiction over Plaintiff's Rule 60(b) Motion and denied it with prejudice. (Id.)

Since entering the Order on March 14, 2013, Plaintiff has filed five motions to vacate the Order pursuant to Rule 60(b). (See Doc. Nos. 7, 9, 11, 13, 15.) Plaintiff's present Motion is filed pursuant to Rule 60(b)(4). Federal Rule of Civil Procedure 60(b)(4) states the following:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ***
>
> **(4)** the judgment is void

Fed. R. Civ. P. 60(b)(4). A judgment is "void" pursuant to Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by the law." In re Diet Drugs Prods. Liab. Litig., 434 F. Supp. 2d 323, 333 (E.D. Pa. 2006). The Third Circuit has further defined the scope of Rule 60(b)(4) by explaining that a "judgment can be voided on two grounds: (1) if the rendering court lacked subject matter jurisdiction or (2) if it acted in a manner inconsistent with due process of law." Id. (quoting Constr. Drilling, Inc. v. Chusid, 131 F. App'x 366, 372 (3d Cir. 2005)).

9

Here, Plaintiff has failed to show that the Court lacked subject-matter jurisdiction, or that it acted in a matter inconsistent with due process of law, and therefore, Plaintiff's Motion will again be denied. The Court in its Order determined that it did not have subject-matter jurisdiction to grant the relief Plaintiff requested, which was to void the judgment entered by the District of South Carolina. Thus, the only action taken by the Court was to determine whether it had subject-matter jurisdiction over Plaintiff's Motion. "[C]ourts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" Beazer East, Inc. v. Mead Corp., 525 F.3d 255, 260 (3d Cir. 2008) (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)). It follows then that this Court had jurisdiction to consider whether it had subject-matter jurisdiction to consider Plaintiff's Rule 60(b) Motion. Thus, Plaintiff cannot show that this Court's Order should be voided pursuant to Rule 60(b)(4) because the Court lacked subject-matter jurisdiction to enter the Order.

Moreover, to echo Judge Houck's opinion of March 23, 2011 denying one of Plaintiff's motions pursuant to Rule 60(b)(4), "when [Plaintiff] brought the case, she asserted that this Court had jurisdiction over the parties and the matter. She cannot attempt now to claim that the Court lacked subject-matter jurisdiction." (Order Denying Motions to Vacate, Holman, No. 09-cv-1634-CWH (D.S.C. March 23, 2011).) See also Reardon v. Reardon, 421 F. App'x 141, 142 (3d Cir. 2011) ("The District Court was not without jurisdiction to enter judgment in [plaintiff's] civil rights case because [plaintiff] initiated the suit . . . and because the court did not exceed its power.").

With regard to the second ground in which this Court would be obligated to void its Order of March 14, 2013 pursuant to Rule 60(b)(4), Plaintiff has failed to show that the Court acted in a manner inconsistent with due process of law. Rule 60(b)(4) applies in the due process

10

context only in the "rare instance that there is a . . . violation of [d]ue [p]rocess that deprives a party on notice of its opportunity to be heard." Aurum Asset Managers, LLC v. Bradesco Companhia de Seguros, 441 F. App'x 822, 824 (3d Cir. 2011).

Here, Plaintiff filed a Rule 60(b) Motion in this Court. The Court considered the Motion and denied it in the Order of March 14, 2013 because the Court lacked subject-matter jurisdiction to grant the relief requested. Nothing in the record suggests that the Court acted in a manner inconsistent with due process, as she was provided notice of the Court's decision and an opportunity to file a motion for reconsideration of the Court's Order. As such, Plaintiff has failed to show that the Court's Order of March 14, 2013 is "void," and therefore, her most recent Rule 60(b)(4) Motion will be denied.

## B. Plaintiff Will Be Enjoined from Filing Without Leave of Court

In addition to denying Plaintiff's Rule 60(b) Motion, the Court will also enjoin Plaintiff from making any further filings in the above-captioned case and also enjoined from making any further filings in this Court that seek to overturn the judgment entered in the District of South Carolina in the case Holman v. Wooten, No. 09-cv-1634-CWH (D.S.C. June 23, 2009).

A District Court may enjoin "abusive, groundless and vexatious conduct" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). "The broad scope of the District Court's power, however, is limited by two fundamental tenets of our legal system—the litigant's due process and access to the courts." Id. There are three requirements that must be met before a court may issue such an injunction: "(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case." Grossberger v. Ruane, 535 F.

11

App'x 84, 86 (3d Cir. 2013) (citing Brow, 994 F.2d at 1038). The pre-filing injunction is an "exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution." Id. (citing In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982)).

### 1. Plaintiff has continually abused the judicial process

Here, a pre-filing injunction is necessary. Since Plaintiff's case was dismissed in the District of South Carolina, she has continually abused the judicial process thus satisfying the first prong of the test described in Brow v. Farrelly. She has filed four unsuccessful motions pursuant to Rule 60(b) in the District of South Carolina. Thereafter, Plaintiff filed a 60(b) motion in the Eastern District of New York, which was also denied. Finally, Plaintiff filed a 60(b) motion to vacate the District of South Carolina's judgment in this Court, and then five subsequent motions seeking to vacate this Court's order denying her original 60(b) motion. (See Doc. Nos. 1, 7, 9, 11, 13, 15.)

In addition to the District of South Carolina, the Eastern District of New York, and the Eastern District of Pennsylvania, Plaintiff has submitted the District of South Carolina's judgment against her for review to the Supreme Court of South Carolina, the Third Circuit Court of Appeals, the Fourth Circuit Court of Appeals, and the Supreme Court of the United States.

In Plaintiff's present Rule 60(b) Motion, she stated the following:

> I will continue to file Motions and Petitions in this Court, other government agencies and write my federal elected officials until this court or another reputable entity take [sic] the initiative to uphold my entitled Constitutional Rights.

(Doc. No. 15 at 2.) Plaintiff shows no sign of stopping her pattern of repetitive filings reiterating the same arguments for vacating the Order of this Court dated March 14, 2013 and the District of South Carolina's order entering judgment against her on October 15, 2010. Accordingly, considering the above procedural history and Plaintiff's threat to continue filing duplicative Rule

12

60(b) motions, it is evident that Plaintiff has "continually abus[ed] the judicial process" under the first prong of the test in Brow.

### 2. Plaintiff was provided with an opportunity to oppose the injunction

With regard to the second prong in Brow, Plaintiff here was given notice of the potential injunction and afforded an opportunity to oppose it. Plaintiff was first given notice about the potential injunction in an Order dated November 24, 2014. (Doc. No. 12.) In the Order, the Court denied Plaintiff's third Motion to Vacate the Court's Order of March 14, 2013. (Id.) After denying Plaintiff's Motion, the Court noted that "should Plaintiff continue her pattern of repetitive, frivolous filings, the Court will consider enjoining her from filing without court permission." (Id.) On February 26, 2015, the Court denied Plaintiff's fourth Motion to Vacate the Court's Order of March 14, 2013 and once again noted that it would consider enjoining her from filing in the future. (Doc. No. 14.) After Plaintiff filed her fifth, instant Motion to Vacate, the Court ordered Plaintiff to appear on April 10, 2015 for a show cause hearing on whether to issue a pre-filing injunction. (Doc. No. 16.) In the Order, the Court described Plaintiff's history of filing repetitive motions containing the same grounds for relief as her previous four unsuccessful motions. Moreover, the Court noted that Plaintiff threatened to continue filing motions and petitions in the Court. Accordingly, the Court stated that it would "hold a hearing . . . to provide Plaintiff with an opportunity to show cause why the proposed injunctive relief should not issue." (Doc. No. 16 at 2.) Plaintiff did not attend the hearing scheduled for April 10, 2015 or seek a continuance. Thus, the Court provided Plaintiff with the requisite opportunity to oppose the filing of an injunction, and therefore, the second prong of the test in Brow is satisfied.

13

### 3. The injunction is narrowly tailored

The Court will enjoin Plaintiff from making any further filings in the above-captioned case and also from making any further filings in this Court that seek to overturn the judgment entered in the District of South Carolina in the case Holman v. Wooten, No. 09-cv-1634-CWH (D.S.C. June 23, 2009). These restrictions are narrowly tailored to the specific abuse Plaintiff has inflicted on this Court and will ensure that Plaintiff's future filings do not waste this Court's time and resources. Accordingly, any request for permission to file must be accompanied by: (a) a copy of the proposed filing; (b) a copy of this Opinion and the attached Order; and (c) a statement listing the titles and docket numbers of all previous filings concerning the same subject matter and involving the same defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion to Vacate this Court's Order of March 14, 2013. (Doc. No. 15.) It is further ordered that a pre-filing injunction pursuant to 28 U.S.C. § 1651(a) will be issued which will prevent Plaintiff from making any further filings in the above-captioned case and also enjoined from making any further filings in this Court that seek to overturn the judgment entered in the District of South Carolina in the case Holman v. Wooten, No. 09-cv-1634-CWH (D.S.C. June 23, 2009). An appropriate Order follows.